EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Arnaldo Ortiz García | *Habeas Corpus* |
| Demandante | |
| v. | 2020 TSPR 35 |
| Alcaide Institución Penal de Bayamón | 204 DPR ____ |
| Demandado | |

Número del Caso: HC-2020-001

Fecha: 01 de abril de 2020

Abogada de la parte Peticionaria:

Lcda. Magdalis Rodríguez Rivera

Oficina del Procurador General:

Lcdo. Isaías Sánchez Baez
Procurador General

Lcda. Liza M. Delgado González
Procurador General Auxiliar

Materia: Resolución del Tribunal con Voto Particular de Conformidad.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| ARNALDO ORTIZ GARCIA<br>Demandante<br><br>Vs.<br><br>Alcaide Institución Penal de<br>Bayamón<br>Demandado | HC-2020-01 | Habeas Corpus |

RESOLUCIÓN

En San Juan, Puerto Rico, a 1 de abril de 2020.

A la moción de reconsideración que presentó el Sr. Arnaldo Ortiz García, no ha lugar.

El Juez Asociado señor Rivera García emitió un Voto particular de conformidad, al cual se unió la Jueza Asociada señora Pabón Charneco. La Jueza Presidenta Oronoz Rodríguez reconsideraría por los fundamentos que adujo en el Voto particular disidente que emitió en Ortiz García v. Alcaide Institución Penal de Bayamón, 2020 TSPR 16. El Juez Asociado señor Estrella Martínez y el Juez Asociado señor Colón Pérez reconsiderarían. La Juez Asociada señora Rodríguez Rodríguez no intervino. El Juez Asociado señor Kolthoff Caraballo no intervino.

Lo acordó el Tribunal y lo certifica el Secretario del Tribunal Supremo.


José Ignacio Campos Pérez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Arnaldo Ortiz García<br><br>Demandante<br><br>v.<br><br>Alcaide Institución Penal de Bayamón<br><br>Demandado | | HC-2020-01 |

**Voto Particular de Conformidad emitido por el Juez Asociado SEÑOR RIVERA GARCÍA, al cual se unió la Jueza Asociada señora Pabón Charneco.**

En San Juan, Puerto Rico, a 1 de abril de 2020.

## I

Estamos conformes con la <u>Resolución</u> que hoy emite este Tribunal de proveer **no ha lugar** a la <u>Moción solicitando reconsideración</u>, por los fundamentos que expuse en el Voto Particular de Conformidad en <u>Ortiz García v. Alcaide Institución Penal Bayamón</u>, 2020 TSPR 16, 203 DPR __ (2020) (Rivera García, Voto Particular de Conformidad). No obstante, es preciso que formulemos unas expresiones, pues el silencio podría interpretarse como la anuencia de estos servidores a las actuaciones de la Lcda. Magdalys Rodríguez Rivera. Todo lo contrario, las excusas que la letrada exterioriza, para justificar que presentó ante este Tribunal un escrito juramentado aduciendo hechos claramente falsos, resultan impermisibles.

## II

El 20 de febrero de 2020, en Ortiz García v. Alcaide Institución Penal Bayamón, *supra*, precisamente, junto a la resolución que emitió este Tribunal proveyendo **no ha lugar** a la Petición de hábeas corpus que presentó el Sr. Arnaldo Ortiz García mediante su representante legal, la licenciada Rodríguez Rivera, tuvimos que emitir un Voto Particular de Conformidad en el cual resaltamos la conducta altamente cuestionable de esta última. En específico, en el Juramento que acompañó a la solicitud de hábeas corpus, la abogada declaró lo siguiente: "Hoy 13 de febrero de 2020, el Peticionario cumple 182 días detenido en Puerto Rico **sin que su juicio haya comenzado**". (Énfasis suplido). Empero, el juicio había comenzado veintiún (21) días antes a la presentación de este escrito jurado por la licenciada Rodríguez Rivera. Véase Pueblo v. Paonesa Arroyo, 173 DPR 203 (2008) (que establece que el juicio comienza con el juramento preliminar al Jurado). Como consecuencia, en ese momento expresamos que "[d]eb[ía] ser motivo de preocupación para esta Curia que la abogada del señor Ortiz García haya presentado, bajo juramento, un hecho que a todas luces se aparta de la realidad y que tiene como consecuencia inducir a error al Tribunal". Ortiz García v. Alcaide Institución Penal Bayamón, *supra*, pág. 3 esc. 1 (Rivera García, Voto Particular de Conformidad).

El 27 de febrero de 2020 la licenciada Rodríguez Rivera suscribió una Moción en solicitud de reconsideración en representación del señor Ortiz García mediante la cual intentó imputar su falta a un "error clerical". Moción en solicitud de reconsideración, pág. 1. Adujo que ese error ocasionó que sometiera "un documento para juramentar que perteneció al anterior recurso [que] present[ó] en Aibonito, previo al juicio; y no el nuevo que aceptaba que ha había iniciado el juicio. Al imprimir el documento de la computadora se escogió por error el anterior y no el nuevo documento; y no nos percatamos hasta que el Tribunal Supremo lo señaló en su resolución". Íd. No nos convence.

Primero, nos sorprende que la letrada indique que fue mediante la resolución que emitió este Tribunal que se percató de que adujo un hecho claramente falso en la petición de hábeas corpus. La Oficina del Procurador General **argumentó sustancialmente este asunto** en la Oposición a Hábeas Corpus.

Por otro lado, la letrada olvida que la negligencia no es un eximente de conducta impropia. Este Tribunal ha sido consistente en establecer que **la intención no es requisito** para faltar al deber de sinceridad y, por lo tanto, incurrir en conducta impermisible al hacer constar un hecho falso en un escrito ante un foro judicial. In re Pagani Padró, 198 DPR 812, 823 (2017); In re Ramírez Salcedo, 196 DPR

136, 149 (2016); In re Nieves Nieves, 181 DPR 25, 43 (2011) ("es inmaterial si se obró de mala fe, deliberadamente o con la intención de engañar. Lo fundamental para que se configure una infracción al Canon 35 es que se falte a los valores de honradez y veracidad, pilares de la profesión legal"). Véase Canon 35 de Ética Profesional, 4 LPRA Ap. IX (que establece el deber de sinceridad y honradez). Así pues, que cualquier miembro de la clase togada suscriba un hecho falso en un escrito ante el tribunal es por sí solo suficiente para iniciar un proceso disciplinario en su contra. In re Rodríguez Gerena, 194 DPR 917, 923 (2016). Incluso, no hace falta que se trate de un escrito juramentado, pues el mero hecho de que el abogado o la abogada suscriba el documento es una afirmación de que lo que allí se indica corresponde a la realidad. In re Ramírez Salcedo, *supra*, pág. 150. Más reprochable es suscribir el escrito y juramentar ante un notario o una notaria que su contenido es cierto. In re Currás Ortiz, 141 DPR 399 (1996).

Asimismo, la licenciada Rodríguez Rivera deja de lado que el Canon 18 de Ética Profesional, 4 LPRA Ap. IX, establece la obligación de que los abogados y las abogadas se desempeñen "de forma capaz y **diligente** […] actuando de aquella forma que la profesión jurídica en general estima adecuada y responsable". (Énfasis suplido). Además, este Canon instituye que "el abogado

debe emplear **la mayor capacidad,** lealtad, **responsabilidad,** efectividad y la más completa **honradez**". (Énfasis suplido).

### III

En virtud de lo anterior, es nuestro criterio que el presunto "error clerical" de la abogada demuestra, o como mínimo da la apariencia marcada, de un desempeño ausente de los predicados de diligencia, sinceridad y honradez que debe cumplir cabalmente. Dada las propias admisiones de la licenciada Rodríguez Rivera, consideramos que su conducta debe ser objeto de un proceso disciplinario que culmine con, no menos, su censura enérgica. Véase In re Ramírez Salcedo, *supra.*

Edgardo Rivera García
Juez Asociado