EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Federico O. López Santiago | 2020 TSPR 85 <br><br> 203 DPR _____ |

Número del Caso: AB-2018-52

Fecha: 18 de febrero de 2020

Abogado del Promovido:
Clínica de Asistencia Legal Escuela de Derecho UPR

     Lcdo. Guillermo Figueroa Prieto
     Lcda. Margarita Mercado Echegaray

Oficina del Procurador General:

     Lcda. Lorena Cortés Rivera
     Subprocuradora General

     Lcda. Noemí Rivera de León
     Procuradora General Auxiliar

Materia: La suspensión será efectiva una vez advenga final y firme la Sentencia conforme la Regla 45 del Reglamento del Tribunal Supremo sobre reconsideración.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Federico O. López Santiago            AB-2018-0052
    (TS-14,977)

*PER CURIAM*

En San Juan, Puerto Rico, a 18 de febrero de 2020.

Nos corresponde determinar si el Lcdo. Federico O. López Santiago (licenciado López Santiago o promovido) infringió los Cánones 9, 12, 18 y 20 del Código de Ética Profesional, 4 LPRA Ap. IX. Por entender que el licenciado López Santiago incurrió en las violaciones éticas que se le imputan, ordenamos su suspensión del ejercicio de la abogacía por un término de tres (3) meses.

I.

El licenciado López Santiago fue admitido al ejercicio de la abogacía el 13 de julio de 2004 y prestó juramento como notario el 4 de mayo de 2007. El 16 de marzo de 2018, la Hon. Vivian Durieux

Rodríguez, entonces jueza del Tribunal de Primera Instancia, Sala Superior de Bayamón, refirió a este Tribunal una Resolución que emitió días antes en el caso criminal número DVI2016G0022, Pueblo de Puerto Rico v. Luis M. Rosario Ramírez,[1] para que evaluáramos si el licenciado López Santiago violó los Cánones de Ética Profesional. Surge de esta Resolución que el 1 de noviembre de 2016 el Ministerio Público presentó una acusación contra el Sr. Luis M. Rosario Ramírez (señor Rosario) por los delitos de asesinato en primer grado y violaciones a la Ley de Armas, y que —a partir de la etapa de vista preliminar— el licenciado López Santiago fungió como su abogado.

Sobre esa representación, la Jueza Durieux Rodríguez hizo constar lo siguiente en la Resolución que nos refirió:

> [E]ste Tribunal entiende que el Lcdo. Federico López Santiago ha incumplido su deber ético hacia el Sr. Luis M. Rosario Ramírez. Este abandonó la representación legal del mismo sin haber sido relevado por el Tribunal. Este indujo a error a su cliente y a su madre entregándole el expediente del caso como si no tuviera responsabilidad ética y contractual de continuar con la representación legal. El licenciado López Santiago incompareció en múltiples ocasiones a señalamientos dados por el Tribunal para tratar de calendarizar el juicio o aclarar la situación de la representación legal. El licenciado López ha provocado que el Tribunal tenga que asignar representación legal de oficio al señor Rosario para poder continuar con los procesos. Como se indicara en repetidas ocasiones al licenciado López por este Tribunal; el presente caso es un caso de Asesinato en Primer Grado y Ley de Armas donde ya existe un jurado escogido y solo

---

[1] Este caso se consolidó con los casos DLA2016G0233, DLA20160234 y DLA2016G0235.

resta el desfile de prueba. La etapa avanzada del proceso exigía que el licenciado López hubiera continuado con la representación legal de su cliente, el cual se encuentra confinado desde que el caso [quedó] sometido en la etapa de Regla 6. El licenciado López Santiago en su intento por ser relevado de la representación legal del señor Rosario, retrasó innecesariamente los procedimientos. Desde que el Tribunal señaló la primera conferencia con antelación a juicio en el mes de noviembre de 2017 hasta la fecha que alega se mudó a Estados Unidos, es decir, el 14 de febrero de 2018, hubo más que oportunidad para que el juicio hubiera concluido.

Acogimos el referido como una queja, pero lo archivamos administrativamente debido a que en aquel momento el licenciado López Santiago se encontraba suspendido de la profesión.[2] Posteriormente, autorizamos la reinstalación del licenciado López Santiago únicamente al ejercicio de la abogacía y reactivamos la queja. Mediante comunicación del 6 de agosto de 2018, la Subsecretaria de este Tribunal notificó copia de la queja al promovido y le concedió un término de diez (10) días para contestarla, según dispone la Regla 14 del Reglamento de este Tribunal, 4 LPRA Ap. XXI-B.

Tras vencer el término reglamentario dispuesto, el 23 de agosto de 2018 el licenciado López Santiago compareció para solicitar una prórroga de treinta (30) días. Ese mismo día, la Subsecretaria de este Tribunal —mediante comunicación escrita— concedió al promovido un término final de treinta (30) días para contestar la queja. Así las cosas, el 24 de septiembre de 2018 —el último día del

---

[2] Véase In re López Santiago, 199 DPR 797 (2018).

término final que se concedió– se recibió una *Moción asumiendo representación legal y solicitud de prórroga* que presentó el Lcdo. Guillermo Figueroa Prieto en representación del promovido. En aras de proveerle una última oportunidad al licenciado López Santiago para contestar la queja, concedimos un término final e improrrogable de diez (10) días para presentar su posición.[3]

Así las cosas, el licenciado López Santiago contestó la queja. Aceptó que "en ocasiones" no compareció al Tribunal de Primera Instancia cuando este se lo requirió y manifestó que se arrepentía de ello.[4] Arguyó que sus incomparecencias se debieron a que, luego del paso del huracán María, se vio obligado a cerrar su oficina y a buscar nuevas fuentes de ingreso. Narró que a finales de octubre de 2017 obtuvo un empleo temporero con el *Federal Emergency Management Agency* (FEMA) en Puerto Rico, con un horario de 6:30 a.m. a 7:00 p.m. los siete días de la semana.

En cuanto al caso del señor Rosario, el licenciado López Santiago expuso que el foro primario señaló una Conferencia con Antelación al Juicio para el 27 de noviembre de 2017 a la que no pudo comparecer. Alegó, no obstante, que informó vía correo electrónico que se encontraba trabajando a tiempo completo con FEMA y que solicitaría la renuncia de representación legal ya que

---

[3] Además, aceptamos al licenciado Figueroa Prieto y a los estudiantes de la Clínica de Asistencia Legal de la Universidad de Puerto Rico como representantes legales del promovido en este asunto disciplinario.
[4] *Contestación del promovido*, pág. 4.

tendría que trasladarse a Estados Unidos por razón de su trabajo. Planteó que el 8 de diciembre de 2017 presentó una moción para solicitar la renuncia a la representación legal en la que comunicó que, según le expresara a la madre del acusado, el Lcdo. Jorge Gordon (licenciado Gordon) asumiría la representación legal de su hijo, lo cual, a su juicio, era suficiente para que la jueza aceptara su renuncia. Además, aseguró que entregó el expediente a la madre del acusado, según esta le requirió, para que ella a su vez se lo entregara al licenciado Gordon.

Por otro lado, afirmó que compareció a la Conferencia con Antelación al Juicio que se celebró el 14 de diciembre de 2017 y que allí reiteró que el licenciado Gordon asumiría la representación del acusado, según le informó la madre del acusado. No obstante, admitió que ese día el licenciado Gordon compareció al tribunal e informó que no había sido contratado para representar al señor Rosario. Así las cosas, la Jueza se negó a aceptar la renuncia del promovido hasta que el acusado obtuviera una nueva representación legal. Al respecto, el promovido planteó que esa determinación judicial le impuso una responsabilidad que no le correspondía y arguyó que el hecho de que la madre del acusado no pudiera llegar a un acuerdo con el licenciado Gordon no debía ser motivo para que la jueza se negara a aceptar su renuncia.

Además, el promovido narró que el 22 de febrero de 2018 presentó una segunda solicitud de renuncia de

representación legal en la que expresó que desde el 14 de febrero de 2018 se encontraba residiendo en el estado de Texas por razones personales relacionadas a su salud. Sostuvo que la representación que brindó al acusado se conformó a las mejores prácticas de la abogacía desde que lo contrataron en la etapa de vista preliminar hasta el paso del huracán María.

Por último, el licenciado López Santiago arguyó que sus intentos de ser relevado de la representación legal del señor Rosario no perjudicaron los derechos del acusado ni retrasaron innecesariamente los procedimientos, pues en septiembre de 2018 el Tribunal aún no había resuelto una moción de supresión de evidencia que presentó el promovido. Según el promovido, ello confirma que el caso del acusado no ha estado listo para iniciar el juicio y que "los intentos del [promovido] para ser relevado de la representación legal del acusado no han perjudicado los derechos de [e]ste ni ha afectado la administración de la justicia".[5]

Tras recibir la contestación a la queja que presentó el promovido, remitimos el caso a la Oficina del Procurador General (OPG) para que realizara la investigación correspondiente. Luego de algunos trámites procesales, la OPG emitió su Informe. En síntesis, la OPG concluyó que existía prueba clara, robusta y convincente de que el licenciado López Santiago violó los Cánones 9, 12, 18 y 20

---

[5] Contestación del promovido, pág. 4.

del Código de Ética Profesional, supra, al no comparecer a

las vistas que el tribunal señaló y abandonar el caso del

acusado sin haber sido relevado de su representación legal.

Para sustentar estas conclusiones, la OPG incluyó un

resumen del trámite procesal del caso a partir de la

reanudación de las labores judiciales luego del paso del

huracán María. A continuación, copiamos íntegramente este

resumen:

a. Orden de 10 de noviembre de 2017 – El Tribunal señaló una vista del estado de los procedimientos para el 27 de noviembre de 2017. **(Anejo I, Orden).**

b. Vista del Estado de los Procedimientos de 27 de noviembre de 2017 – El licenciado López **no compareció a la vista** y el alguacil informó que no había recibido ninguna comunicación de su parte. A preguntas del Tribunal, el acusado indicó que no había tenido comunicación con su abogado desde el paso del huracán María y que aunque sabía que se encontraba en los Estados Unidos, [e]ste no le había informado que no iba a continuar con su representación. Finalmente, el Tribunal señaló una nueva conferencia con antelación al juicio para el 13 de diciembre de 2017. **(Anejo II, Minuta).**

c. Urgente Moción Solicitando Relevo de Representación Legal presentada el 8 de diciembre de 2017 por el licenciado López – Este alegó que el 7 de noviembre de 2017, aceptó una posición para trabajar con FEMA, en un horario de 7:00 a.m. a 7:00 p.m. los siete (7) días de la semana. También, indicó que, según le había requerido, entregó el expediente del caso al Lcdo. Jorge Gordon Menéndez, a través del Lcdo. Orlando Cameron Gordon. **(Anejo III, Moción).**

d. Vista de Conferencia con Antelación al Juicio de 13 de diciembre de 2017 – Allí, el Tribunal reconoció que en el expediente había una moción del licenciado López solicitando renuncia a la representación legal. Por otro lado, la Jueza mencionó que el licenciado López se comunicó e informó que no podía comparecer y solicitó que se

señalara la vista para el día siguiente. Así las cosas, el Tribunal reseñaló la conferencia con antelación al juicio para el 14 de diciembre de 2017. **(Anejo IV, Minuta).**

e. Vista de Conferencia con Antelación al Juicio de 14 de diciembre de 2017 – El licenciado López compareció y expresó que le entregó el expediente del caso al licenciado Gordon, según se lo solicitó la madre del acusado. Por ello, el Tribunal hizo gestiones para comunicarse por teléfono con el licenciado Gordon. Sin embargo, estas resultaron infructuosas, por lo que se le dejó mensaje. La Jueza expresó que, por ser un caso en el que el jurado ya había sido escogido, no podía concederle la renuncia al licenciado López en ese momento. Así las cosas, señaló una conferencia con antelación al juicio para el 27 de diciembre de 2017. **(Anejo V, Minuta).**

f. Vista de Conferencia con Antelación al Juicio de 27 de diciembre de 2017 – El licenciado López no compareció. El Tribunal hizo gestiones para localizarlo por teléfono, pero no resultó. El acusado indicó que no había tenido comunicación con él desde la vista pasada. Además, la Jueza hizo constar que, finalizada la vista anterior, compareció a Sala el licenciado Gordon y le indicó a la secretaria de Sala que le habían entregado el expediente del caso pero que no se había completado su contratación. La Jueza destacó que no se había relevado al licenciado López de su representación legal por lo que continuaba siendo el abogado del acusado, y que en la vista anterior se l[e] había explicado que no sería relevado hasta que compareciera otro abogado en el caso. Así, se señaló una nueva conferencia con antelación al juicio para el 10 de enero de 2018. **(Anejo VI, Minuta).**

g. Vista de Conferencia con Antelación al Juicio de 10 de enero de 2018 – El licenciado López **no compareció.** Compareció la madre del acusado e informó que era probable que contratara al licenciado Gordon pero que no había logrado completar su contratación. El Tribunal señaló una nueva conferencia con antelación al juicio para el 14 de febrero de 2018. Luego de finalizada la vista, compareció a Sala el licenciado López y la alguacil le notificó de lo ocurrido en Sala y del próximo señalamiento. **(Anejo VII, Minuta).**

h. Vista de Conferencia con Antelación al Juicio de 14 de enero de 2018 – El licenciado López no compareció. El Tribunal hizo gestiones para localizarlo pero no se logró. Por tanto, ordenó la citación personal del licenciado López y advirtió que, si este no comparecía a la próxima vista, se tomarían medidas disciplinarias. Además, señaló conferencia con antelación al juicio para el 27 de febrero de 2018. **(Anejo VIII, Minuta).**

i. Orden de Mostrar Causa de 14 de febrero de 2018 – Mediante esta, se le ordenó al licenciado López a comparecer al Tribunal el 27 de febrero de 2018, para que mostrara causa por la que no debía ser encontrado incurso en desacato criminal, por su incomparecencia injustificada a la vista del 14 de febrero de 2018. **(Anejo IX, Orden).**

j. Moción Informativa sobre Renuncia a Representación Legal presentada el 26 de febrero de 2018 – Allí, el licenciado López informó que, conforme a la Sentencia emitida por el Tribunal Supremo el 21 de febrero de 2018 en el caso CP-2017-16, estaba inhabilitado de seguir como representante legal en el caso. Además, indicó que, desde el mes de febrero, se relocalizó a los Estados Unidos por razones personales relativas a "su estabilidad salubrista". **(Anejo X, Moción).**

k. Vista de Conferencia con Antelación al Juicio de 27 de febrero de 2018 – El Tribunal indicó que el diligenciamiento de la Orden para Mostrar Causa contra el Lcdo. López fue negativo. Por otro lado, la Jueza expresó que no había relevado al licenciado López de la representación legal del acusado y arguyó que, de no haber surgido todos los inconvenientes relacionados a la incomparecencia del licenciado López, el juicio ya se hubiera celebrado **(Anejo XI, Minuta).**[6]

A base de lo anterior, la OPG constató que el licenciado López Santiago no compareció a cuatro (4) señalamientos de vista ni se comunicó con el Tribunal para justificar su incomparecencia.[7] En consecuencia, la OPG

---

[6] *Informe de la OPG*, págs. 4-5.
[7] Se celebraron los días 27 de noviembre de 2017, 27 de diciembre de 2017, 10 de enero de 2018 y 14 de febrero de 2018. La OPG puntualizó en su Informe que **el promovido informó que estaba trabajando a tiempo**

concluyó que el promovido infringió los Cánones 9 y 12 de Ética Profesional, pues causó dilaciones indebidas en la tramitación y solución del caso al no comparecer a las vistas que señaló el Tribunal de Primera Instancia ni excusar su incomparecencia. También determinó que el promovido violó el Canon 18, pues no defendió diligentemente los intereses de su cliente; "[a]l contrario, abandonó y desatendió el caso sin haber sido relevado de su representación legal".[8] Por último, la OPG planteó que el promovido violentó el Canon 20, pues abandonó el caso sin que el Tribunal lo hubiese relevado de su representación legal. Debido a que dichas violaciones éticas surgen del expediente del Tribunal en el caso DVI2016G0022, _Pueblo de Puerto Rico v. Luis Rosario Ramírez_, la OPG arguyó que no existe controversia sobre los hechos medulares, por lo que recomendó a este Tribunal que -de conformidad con la Regla 14 de su Reglamento, 4 LPRA

---

**completo con FEMA** y que solicitaría la renuncia a la representación legal de su cliente **únicamente en respuesta a un correo que le remitió la Jueza para identificar fechas y recalendarizar el caso.** La Jueza respondió que entendía su posición, pero le indicó que tenía un deber ético de comparecer a la vista, explicarle la situación a su cliente y entregar el expediente. El promovido contestó este mensaje e indicó que había enviado una moción de renuncia de representación legal. Sin embargo, la moción no estaba anejada al correo electrónico ni había sido presentada en la Secretaría del Tribunal de Primera Instancia. Debido a que el promovido no sugirió fecha alguna, la Jueza emitió una Orden mediante la cual señaló una vista de estado de los procedimientos para el 27 de noviembre de 2017. Dicha Orden se notificó el 13 de noviembre de 2017 al licenciado López Santiago a su dirección de récord y a su correo electrónico. No obstante, el promovido no compareció ni se excusó. Íd., págs. 7-8.

[8] Íd., pág. 9. Al respecto, la OPG enfatizó que al cliente del promovido se le acusó el 1 noviembre de 2016; **que este se encontraba confinado en espera del juicio,** y que el caso se encontraba en una etapa avanzada ya que se había seleccionado el jurado. Además, destacó que el Tribunal advirtió en varias ocasiones al promovido que no había sido relevado de su representación legal y que tenía que continuar representando a su cliente hasta que compareciera otro abogado que estuviese preparado para ver el juicio. Íd.

Ap. XXI-B– prescindiera de trámites ulteriores y procediera a imponer al promovido las sanciones disciplinarias que procedieran en derecho.

Luego de algunos trámites, el licenciado López Santiago presentó una *Reacción al Informe del Procurador General*. Arguyó que la Jueza del Tribunal de Primera Instancia se negó injustificadamente a aceptar su renuncia de representación legal a pesar de que el promovido presentó razones válidas por las cuales no podía continuar representando al señor Rosario. Además, planteó que el fundamento que adujo la Jueza para negarse a aceptar su renuncia –que el caso estaba listo para juicio– no es correcto, debido a que "la Jueza tenía ante su consideración una moción de supresión de evidencia que presentó el promovido el 8 de marzo de 2017, la cual aún para el mes de octubre de 2018 no se había atendido".[9] A base de lo anterior, arguyó que su solicitud de renuncia no afectó los derechos del acusado ni dilató los procedimientos. Por último, el promovido adujo que la OPG erró al no tomar en cuenta las circunstancias extraordinarias y de emergencia que imperaban en Puerto Rico luego del huracán María, las cuales excusan su conducta.

Luego de examinar el Informe que rindió la OPG y la *Reacción* que presentó el promovido, concedimos un término al promovido para que compareciera y mostrara causa por la

---

[9] *Reacción*, pág. 2.

cual no debíamos preterir el trámite disciplinario ordinario y decretar su suspensión de la abogacía. Lo anterior, en vista de que el licenciado López Santiago aceptó en el escrito que presentó ante nos que no compareció a varias vistas que señaló el Tribunal de Primera Instancia en el caso criminal del señor Rosario. Oportunamente, el promovido compareció mediante un *Escrito en cumplimiento de orden para mostrar causa* en donde reiteró los planteamientos que esbozó anteriormente. Además, destacó que ser suspendido lo afectaría grandemente en su práctica privada en Texas, donde le requieren una licencia estatal para ejercer la abogacía, dado que este únicamente posee la de Puerto Rico.

II.

El Código de Ética Profesional, supra, contiene las normas mínimas que rigen la conducta de los abogados y promueven el desempeño ejemplar de estos en el ejercicio de su profesión. In re Nazario Díaz, 198 DPR 793, 802 (2017); In re Ortiz, Rivera, 195 DPR 122, 131 (2016). En particular, el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 9, exige a los abogados mostrar el mayor respeto hacia los tribunales. Al respecto, hemos expresado:

> Aunque el deber de respeto para con los tribunales que recoge el Canon 9 lo hemos utilizado mayormente para sancionar la inatención de los abogados a requerimientos de este Tribunal dentro de procedimientos disciplinarios, de igual forma este postulado ético incluye indubitadamente el deber de todo profesional del derecho de atender con igual diligencia y

seriedad **las órdenes del Tribunal de Primera Instancia** y del Tribunal [de] Apelaciones.[10]

En conformidad con lo anterior, hemos determinado inequívocamente que "[e]l deber impuesto por el Canon 9, el cual está directamente relacionado con la obligación de todo abogado de propiciar la buena administración de la justicia", exige que los abogados y abogadas cumplan diligentemente con las órdenes que emitan los foros judiciales. In re Feliciano Rodríguez, 198 DPR 369, 378 (2017).

De otra parte, el Canon 12 de Ética Profesional, 4 LPRA Ap. IX, C. 12, impone al abogado el deber de tramitar las causas de forma responsable y con puntualidad. Además, le exige desplegar todas las diligencias necesarias para asegurarse de evitar indebidas dilaciones en la tramitación y resolución del caso. In re López Santiago, 199 DPR 797, 809-810 (2018). En lo pertinente, hemos reconocido expresamente que "conductas tales como la incomparecencia injustificada a las vistas señaladas por el tribunal, así como las actuaciones y omisiones que pongan en riesgo la causa de acción de los clientes, son infracciones patentes del Canon 12". In re Irizarry Vega, 198 DPR 1066, 1073 (2017).

El Canon 18 de Ética Profesional, 4 LPRA Ap. IX, C. 18, establece lo concerniente a la competencia del abogado y dispone, en lo pertinente, que:

---

[10] In re Roldós Matos, 161 DPR 373, 383 (2004) (Énfasis suplido).

Será impropio de un abogado asumir una representación profesional cuando está consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia.

**Es deber del abogado defender los intereses del cliente diligentemente,** desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable.

El deber de diligencia que impone el Canon 18 "implica que el [abogado] realice las gestiones que le fueron encomendadas en momento oportuno, en forma adecuada y sin dilaciones que puedan afectar la pronta solución de la controversia". In re Amill Acosta, 181 DPR 934, 940 (2011) (citando a S. Steidel Figueroa, *Ética y Responsabilidad del Abogado*, San Juan, Pubs. J.T.S, 2010, pág. 179)). Lo anterior, pues en la profesión de la abogacía no existe espacio para que los abogados actúen con indiferencia, desidia, despreocupación, inacción y displicencia en la tramitación de los casos que le han sido encomendados. In re Cuevas Borrero, 185 DPR 189, 199 (2012). Cabe resaltar que ciertas conductas constituyen, de su faz, violaciones al deber de diligencia que dispone el Canon 18. Entre ellas se encuentran: **(1) no comparecer a los señalamientos del Tribunal;** (2) no contestar los interrogatorios presentados; **(3) desatender o abandonar el caso;** (4) permitir que expire el término prescriptivo o jurisdiccional de una causa de acción, e (5) incurrir en cualquier tipo de actuación negligente que resulte en la desestimación o archivo del

caso. In re Miranda Daleccio, 193 DPR 753, 762-763 (2015) (Énfasis suplido).

Por último, el Canon 20 de Ética Profesional, 4 LPRA Ap. IX, C. 20, dispone, en lo pertinente, que:

> Cuando el abogado haya comparecido ante un tribunal en representación de un cliente **no puede ni debe renunciar la representación profesional de su cliente sin obtener primero el permiso del tribunal y debe solicitarlo solamente cuando exista una razón justificada e imprevista para ello.**
>
> Antes de renunciar la representación de su cliente el abogado debe tomar aquellas medidas razonables que eviten perjuicio a los derechos de su cliente tales como notificar de ello al cliente; aconsejarle debidamente sobre la necesidad de una nueva representación legal cuando ello sea necesario; concederle tiempo para conseguir una nueva representación legal; aconsejarle sobre la fecha límite de cualquier término de ley que pueda afectar su causa de acción o para la radicación de cualquier escrito que le pueda favorecer; y el cumplimiento de cualquier otra disposición legal del tribunal al respecto, incluyendo la notificación al tribunal de la última dirección conocida de su representado.

Por tanto, "mientras el tribunal no conceda la renuncia, un abogado mantiene su deber de llevar a cabo su gestión de forma diligente y competente, acorde a las exigencias del Código de Ética Profesional". In re Blain León, 199 DPR 443, 454 (2018) (citando a In re Avilés Vega, 197 DPR 829, 844 (2017)). Véase también In re Díaz Nieves, 189 DPR 1000, 1017 (2013) ("Mientras el tribunal no releve al abogado de su responsabilidad, [e]ste tiene el deber insoslayable de realizar su gestión profesional y exhibir el más alto grado

de competencia y diligencia posible de acuerdo con las exigencias del Código de Ética Profesional").

## III.

Según mencionamos, la OPG determinó en su Informe que el licenciado López Santiago incurrió en violaciones a los Cánones 9, 12, 18 y 20 del Código de Ética Profesional, supra. Coincidimos. En este caso, el licenciado López Santiago no compareció a vistas que señaló el foro primario en el caso del señor Rosario. Adujo como justificación que comenzó a trabajar para FEMA en un horario que le impidió comparecer al Tribunal. A nuestro juicio, lo anterior no justificó su incomparecencia y su abandono del caso.

Si bien el promovido tenía derecho a aceptar un nuevo empleo para sustentarse luego del huracán María, no es menos cierto que este sabía –antes de aceptar el nuevo empleo– que el caso del señor Rosario estaba pendiente en el Tribunal y que, por consiguiente, tenía una responsabilidad ética y profesional con su cliente. Aun así, comenzó a trabajar en su nuevo empleo sin realizar gestión ulterior alguna en defensa de los intereses de su cliente.[11] No fue hasta un mes después de haber comenzado su trabajo nuevo que el promovido solicitó –por primera vez– la renuncia a la representación legal.[12] Indudablemente, este proceder no se ajustó a los estándares mínimos que el ordenamiento exige respetar como requisito para pertenecer a la profesión. En particular, el licenciado López Santiago

---

[11] Informe OPG, pág. 9.
[12] Íd.

tenía una responsabilidad indelegable de hacer arreglos con su patrono nuevo para poder comparecer en ciertos días al Tribunal y así cumplir responsablemente con la obligación que contrajo previamente con su cliente, el señor Rosario. No obstante, del expediente no surge que el promovido hubiese realizado esfuerzos para cumplir con su responsabilidad ética luego de que comenzó a trabajar en su empleo nuevo.

Al incurrir en esta conducta, el licenciado López Santiago transgredió los Cánones 9 y 12, pues sus incomparecencias a las vistas que señaló el Tribunal de Primera Instancia, además de constituir un incumplimiento injustificado con las órdenes de un foro judicial, dilataron innecesariamente los procedimientos. Difícilmente podemos aceptar la pendencia de una moción de supresión de evidencia como prueba de que la conducta del licenciado López Santiago no atrasó los procesos cuando sus incomparecencias reiteradas imposibilitaron cualquier progreso en el caso entre los meses de noviembre 2017 y febrero 2018.

Por otra parte, el hecho de que el licenciado López Santiago abandonó el caso del señor Rosario luego de obtener un empleo con FEMA también constituyó una violación patente al Canon 18, el cual exige que los abogados defiendan diligentemente los intereses de su cliente. Al así obrar, el licenciado López Santiago incumplió su responsabilidad ética de continuar representando a su

cliente de forma diligente y competente y no desligarse del caso, máxime en este caso, en que su cliente se encontraba confinado en espera del juicio.

Por último, determinamos que esta conducta también violentó el Canon 20, pues el promovido se desentendió del caso de su cliente aun cuando el foro primario no lo relevó de su representación legal. A la única vista que el promovido compareció, luego de la reanudación de los procesos en el Tribunal, fue a la del 14 de diciembre de 2017, y en esta la Jueza le advirtió que, debido a la etapa en que se encontraba el caso, no podía concederle el relevo de representación hasta que compareciera otro abogado que estuviese preparado para atender el juicio. Aun ante este señalamiento, el promovido no modificó su conducta. De esta manera, ignoró un postulado ético básico que todo profesional del derecho debe tener presente: que los abogados y abogadas no pueden desligarse de los casos en los cuales aceptaron fungir como representantes legales de las partes sin contar con la anuencia del tribunal. Ello fue precisamente lo que hizo el licenciado López Santiago; por lo tanto, violó el Canon 20.

IV.

Este Tribunal ha elaborado una serie de criterios para determinar la sanción disciplinaria que se debe imponer a los abogados que han incurrido en conducta reñida con los postulados éticos. Esos elementos incluyen: (1) la buena reputación del abogado en la comunidad; (2) su historial

previo; (3) si se trata de su primera falta; (4) su aceptación de la falta y su arrepentimiento sincero; (5) si se trata de una conducta aislada; (6) el ánimo de lucro que medió en su actuación; (7) el resarcimiento al cliente, y (8) cualquier otra consideración, atenuante o agravante, que surja de los hechos. Véanse In re Rivera Contreras, 2019 TSPR 56, 202 DPR __ (2019); In re Márquez Colón, 198 DPR 509, 530-531 (2017); In re Rodríguez Gerena, 194 DPR 917 (2016); In re Vargas Velázquez, 193 DPR 681 (2015).

En cuanto a la sanción a imponerse, la OPG manifestó que deberíamos considerar como atenuante que el promovido expresó arrepentimiento por no haber comparecido al Tribunal. Por otro lado, enfatizó que deberíamos tomar en cuenta como agravante que anteriormente se suspendió al promovido de la abogacía y la notaría por dos meses por infringir los Cánones 9, 12, 18 y 20 del Código de Ética Profesional. En ese momento, determinamos que el promovido: (1) incurrió en un craso incumplimiento con los postulados de los Cánones 9 y 12 al no cumplir a tiempo con órdenes de este Tribunal; (2) que la incomparecencia del promovido a dos vistas que señaló el Tribunal de Primera Instancia constituyó una violación al Canon 18, y (3) que al no presentar oportunamente su renuncia a la representación legal de su cliente ni entregarle su expediente, infringió el Canon 20. In re López Santiago, 199 DPR 797 (2018).

En aquel caso apercibimos al promovido que de repetirse en un futuro la conducta por la cual se le

sancionó sería mucho más severa la sanción. Reconocemos que la conducta que se le imputó al promovido en este caso ocurrió antes de que este Tribunal lo suspendiera; sin embargo, por la severidad de esta y por ser similar a la del caso por el cual fue suspendido, la OPG recomendó que suspendamos al promovido por un término **mayor** de dos meses.

Luego de aplicar los criterios antes mencionados a los hechos de este caso, y en atención a los argumentos que presentó la OPG en su Informe, concluimos que procede suspender al promovido del ejercicio de la abogacía por un término de tres (3) meses.

V.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, se suspende al licenciado López Santiago del ejercicio de la abogacía por un término de tres (3) meses.

El licenciado López Santiago deberá notificar a todos sus clientes de su inhabilidad de seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados, devolverles los expedientes de casos pendientes e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún caso pendiente. Además, tiene la obligación de acreditar y certificar a este Tribunal el cumplimiento con lo anterior en un término de treinta (30) días contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese al licenciado López Santiago esta Opinión *Per Curiam* y Sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Federico O. López Santiago
        (TS-14,977)                    AB-2018-0052

SENTENCIA

En San Juan, Puerto Rico, a 18 de febrero de 2020.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende al Lcdo. Federico O. López Santiago del ejercicio de la abogacía por un término de tres (3) meses.

El licenciado López Santiago deberá notificar a todos sus clientes de su inhabilidad de seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados, devolverles los expedientes de casos pendientes e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún caso pendiente. Además, tiene la obligación de acreditar y certificar a este Tribunal el cumplimiento con lo anterior en un término de treinta (30) días contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese al licenciado López Santiago esta Opinión *Per Curiam* y Sentencia.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Estrella Martínez y el Juez Asociado señor Colón Pérez no intervinieron.


                    José Ignacio Campos Pérez
                  Secretario del Tribunal Supremo